THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HILDA SOLIS, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>vs.<br><br>CONSOLIDATED GUN RANGES and N. BRIAN HALLAQ,<br><br>Defendants. | No. C10-338Z<br><br>ORDER |

THIS MATTER comes before the Court on the motion for summary judgment, docket no. 11, filed by defendants Consolidated Gun Ranges, LLC ("Consolidated") and N. Brian Hallaq. Having reviewed all papers filed in support of, and in opposition to, defendants' motion, the Court enters the following Order.

I.      **Background**

Defendant N. Brian Hallaq is a co-owner of Consolidated, a company that operates a gun range in Arlington, Washington. Hallaq Decl., ¶ 2, docket no. 13. Heath Gunns was the General Manager of Consolidated until September 22, 2008,

when Consolidated terminated his employment.  Id.  On October 8, 2008, Gunns filed a complaint with the United States Department of Labor ("DOL") contesting his termination, pursuant to the whistleblower protection provisions of four federal environmental statutes.  Id. at Ex. 3.  Gunns' complaint alleged that he was terminated in retaliation for an email he sent to Hallaq on August 7, 2008.  Id.  In the email, Gunns expressed concerns to Hallaq about the health impact of a lead contamination issue at Consolidated's facility:

> I am extremely concerned about [an employee's] lead level . . . We need to ensure that we are doing as much as we can to minimize [the employee's] exposure, as well as fulfilling the requirements for treatment as per the WAC.  [The employee's] issue is indicative of a much larger issue in our facility. . .  I am all to [sic] aware of the hazard [at the facility], and know that it is not healthy . . . I am being asked, knowing the hazard, to send someone unprepared/trained to deal with it appropriately, into that environment.

Id.  Gunns also alleged that testing indicated that all of Consolidated's employees had elevated blood lead levels.  Id.

Gunns supplemented his complaint on October 16, 2008 with a fifth claim, also brought under an environmental law.  Id. at Ex. 5.  Despite numerous references to his concerns about employee health, neither Gunns' original complaint, nor his supplemental complaint, referenced section 11(c) of the Occupational Health and Safety Act ("section 11(c)"), which prohibits employers from retaliating against workers who complain about conditions affecting health or safety.  See 29 U.S.C. § 660(c).

DOL notified defendants of Gunns' complaint on October 20, 2008, and provided copies of the relevant environmental statutes.  Id. Ex. 7.  On December 31, 2008, DOL's investigator sent a letter to the defendants notifying them that the Department was also investigating Gunns' complaint under section 11(c).  Id. Ex. 20.  DOL subsequently sent another letter to the defendants on July 17, 2009, retracting the December 31, 2008 letter, and stating that the agency had concluded that Gunns never filed a complaint under Section 11(c).  Id. at Ex. 22.  DOL reversed positions again on August 18, 2009, stating in a letter from a regional supervisor that the agency had exercised its discretion under 29 C.F.R. § 24.103(e) (the "deeming regulation") to amend Gunns' complaint to include a claim under section 11(c).  Id. Ex. 24.  Thereafter, pursuant to its statutory authority to prosecute whistleblowing claims, DOL brought the present lawsuit against defendants under section 11(c).  Compl., docket no. 1.

## II.     Discussion

### A.     Summary Judgment Standard

Summary judgment shall be granted if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The non-moving party must set forth "specific facts" demonstrating the existence of a genuine issue for trial.  Id.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

**B.     Section 11(c) & the Deeming Regulation**

Defendants move for summary judgment, arguing that the government's lawsuit is barred because Gunns did not file a section 11(c) complaint within thirty days of the date the defendants terminated his employment, as required by the statute.  29 U.S.C. § 660(c)(2); Donovan v. Hahner Foreman & Harness, Inc., 736 F.2d 1421, 1424 (10th Cir. 1984) (holding that the time limit in section 11(c) is generally construed as a statute of limitations, and a complainant's failure to comply with the thirty-day limit may bar a future lawsuit).[1]

The government relies heavily on the deeming regulation which provides:

> A complaint filed under any of the statutes listed in § 24.100(a) alleging facts that would constitute a violation of 11(c) of the Occupational Safety and Health Act, 29 U.S.C. 660(c), will be deemed to be both a complaint filed under any of the statutes listed in § 24.100(a) and section 11(c).

29 C.F.R. § 24.103(e).  The government contends that since Gunns filed his original whistleblower complaint within thirty days of his termination, and since his complaint contained facts giving rise to a section 11(c) claim, the Secretary has the authority to deem his complaint as including a section 11(c) claim.  Defendants argue that the Court should reject the government's contention because (1) Gunns' complaint does

---

[1] Defendants also move to strike the government's response brief because it was filed one day late.  See Reply, docket no. 17; see also Local Rule CR 7(d)(3) (setting briefing deadlines for dispositive motions).  In response to defendants' argument, the government filed a separate motion seeking to extend the time for its response.  Mot., docket no. 18.  Defendants filed no opposition to the motion, which the Court construes as an admission that the motion has merit.  Local Rule CR 7(b)(2).  The Court therefore GRANTS the government's motion to extend the deadline for filing its response, docket no. 18.

ORDER - 4

not state facts giving rise to a claim under section 11(c); (2) Gunns waived the government's right to bring a claim; (3) the government failed to invoke the deeming regulation within the thirty-day time limitation set forth in section 11(c); or (4) the government failed to perform an investigation prior to bringing the present lawsuit.

          1.     <u>Gunns' Complaint States Facts Giving Rise to a Claim Under Section 11(c)</u>

Defendants contend that the deeming regulation does not apply because Gunns' complaint did not state facts that give rise to a claim under section 11(c). Specifically, defendants contend that the complaint did not allege that the defendants retaliated against Gunns in response to the concerns he raised about the health or safety effect of lead contamination. In his complaint, however, Gunns stated that "[i]t is my absolute belief that my termination was in direct response to the email [I] sent to my employer referencing the lead hazard." Hallaq Decl., Ex. 3, docket no. 13. In that email, Gunns repeatedly noted his concerns about employees' exposure to lead, and expressly stated that he was aware of the hazard of lead contamination and that he "know[s] that it is not healthy." <u>Id.</u> The facts in the complaint are sufficient to establish a violation of section 11(c), and the deeming regulation applies.

          2.     <u>Gunns' Failure to Raise a Section 11(c) Claim Does not Waive the Government's Right to Bring a Subsequent Lawsuit</u>

Defendants also argue that Gunns waived the government's right to bring a claim under section 11(c) because he was aware of the statute, at least constructively, yet failed to identify it in his complaint as a basis for his claim. Defendants, however,

cite no relevant authority for the proposition that a complainant's failure to include a claim under section 11(c) when making other whistleblower complaints, whether the failure is intentional or otherwise, operates as a waiver of the government's right to pursue relief.[2]  To hold that an individual has the power to waive the government's right to pursue relief under section 11(c) would be contrary to public policy and DOL regulations.  See, e.g., 29 C.F.R. § 1977.17 ("Enforcement of the provisions of section 11(c) is not only a matter of protecting rights of individual employees, but also of public interest.").  Indeed, an employee's decision to withdraw a complaint does not waive DOL's jurisdiction to pursue a claim because "[t]he Secretary's jurisdiction cannot be foreclosed as a matter of law by unilateral action of the employee." Id. Accordingly, Gunns' decision not to file a complaint under section 11(c) did not waive the government's right to pursue relief under that statute.

> 3. The Deeming Regulation Does not Require Action by the Secretary within Thirty Days of the Adverse Employment Action

Defendants next argue that the government must exercise its discretion under the deeming regulation within thirty days of the adverse employment action because the deeming regulation requires that "normal procedures and timeliness requirements for investigations under [section 11(c)] will be followed."  29 C.F.R. § 24.103(e).

---

[2] Defendants rely exclusively on cases arising in the context of EEOC employment discrimination complaints. Craven v. Texas Dep't of Criminal Justice, 151 F. Supp.2d 757, 770 (N.D. Tex. 2001); Preyer v. Dartmouth College, 968 F. Supp. 20, 24-25 (D.N.H. 1997).  These cases are distinguishable because neither Title VII, nor its implementing regulations, provide the government with powers similar to those in the deeming regulation.

The government argues that the plain language of the deeming regulation requires only that the Secretary satisfy timeliness requirements <u>for investigations</u>, which DOL regulations indicate should be conducted in a timely fashion. <u>See</u> 29 C.F.R. § 1977.16.[3] As the agency charged with administration of section 11(c), DOL argues that the Court should give deference to its interpretation of the statute, as set forth in the deeming regulation, under <u>Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.</u>, 467 U.S. 837 (1984).[4] The Court agrees with the government's interpretation of the statute and implementing regulations, which do not impose a time limitation on the government's decision to prosecute an action.

///

///

---

[3] Defendants argue that the language of the deeming regulation must refer to the thirty-day time limit in section 11(c); otherwise the statute would be meaningless because the government could bring a section 11(c) claim at any time. The Court disagrees that the government's interpretation of the deeming regulation renders the statute meaningless, however, because, for the deeming regulation to apply, a complainant must still file a complaint within thirty days of an adverse employment action that, at a minimum, states facts giving rise to a section 11(c) violation.

[4] Defendants argue that the Court should give no deference to DOL's interpretation of the statute because courts do not generally defer to agency statutory interpretations given in the context of litigation. <u>Mid-America Care Found. v. N.L.R.B.</u>, 148 F.3d 638, 642 (6th Cir. 1998) (holding that <u>Chevron</u> deference does not "extend to an interpretation [of a statute] taken solely in connection with an agency's litigation position in a particular case or set of cases."). The line of cases cited by plaintiff does not apply here, where DOL has formally adopted a particular interpretation of Section 11(c). <u>Id.</u> The deeming regulation represents DOL's reasonable and appropriate interpretation of Section 11(c)'s ambiguous thirty-day filing requirement, and as such, the government is entitled to deference under <u>Chevron</u>.

ORDER - 7

4.   **The Government has no Obligation to Perform an Investigation Prior to Bringing a Claim under Section 11(c)**

Defendants' final argument is that, even if the government had the authority to apply the deeming regulation in August 2009,[5] it was too late to do so in this case because the government had already concluded its investigation of the complaint. Defendants argue that section 11(c) requires that DOL perform an investigation prior to filing a lawsuit:

> Upon receipt of [a] complaint, the Secretary shall cause such investigation to be made as he deems appropriate. If upon such investigation, the Secretary determines that the provisions of this subsection have been violated, he shall bring an action [against the wrongdoer].

29 U.S.C. § 660(c)(2). Contrary to defendants' assertions, however, section 11(c)(2) does not require an investigation as a prerequisite to a lawsuit. Dunlop v. Hanover Shoe Farms, Inc., 441 F. Supp. 385, 387 (M.D. Pa. 1976) ("[Section 11(c)] leaves it up to the Secretary's discretion whether and to what extent to investigate a complaint prior to bringing suit . . . . Thus, as far as [section 11(c)] is concerned, the Secretary need not conduct <u>any</u> investigation prior to instituting suit.") (emphasis added); Donovan v. Freeway Const. Co., 551 F. Supp. 869, 877 (D. R.I. 1982) ("The

---

[5] Defendants argue that they were prejudiced as a result of the delay in the government's decision to apply the deeming regulation. But the record reflects that the defendants received notice on December 31, 2008, that the government intended to investigate Gunns' complaint under section 11(c). Hallaq Decl., Ex. 20, docket no. 13. Defendants knew about the government's intentions for more than six months, made no objections, and operated under the assumption that case was being investigated under section 11(c). The Court finds that the defendants were not prejudiced by the fact that the government did not officially invoke the deeming regulation until August 2009.

Secretary need only cause such investigation to be made as he deems appropriate."). Therefore, even if the Court construes the government's letter in July 2009 as a concession that the government did not perform a section 11(c) investigation, defendants are not entitled to summary judgment dismissing the case.

### III. Conclusion

For the reasons set forth above, the Court DENIES defendants' motion for summary judgment, docket no. 11.

DATED this 18th day of January, 2011.

Thomas S. Zilly
United States District Judge

ORDER - 9