THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HILDA SOLIS, Secretary of Labor, United States Department of Labor,<br><br>                Plaintiff,<br><br>vs.<br><br>CONSOLIDATED GUN RANGES and N. BRIAN HALLAQ,<br><br>                Defendants. | No. C10-338Z<br><br>ORDER |

THIS MATTER comes before the Court on defendants' motion for attorneys' fees, docket no. 47. Having reviewed the papers filed in support of, and opposition to, defendants' motion, the Court DENIES the motion.

ORDER - 1

## I.    <u>BACKGROUND</u>[1]

This case arose out of the defendant's actions on two occasions, which the government alleged violated the whistleblower protection provisions of the Occupational Safety & Health Act ("OSHA"), 29 U.S.C. § 651(c) ("Section 11(c)"). The first event occurred in September 2008, when defendant Consolidated Gun Ranges, LLC ("CGR") terminated the employment of Heath Gunns, the general manager of a gun range operated by CGR. FF&CL at 9, docket no. 42. CGR terminated Mr. Gunns less than six weeks after he sent his employers an email regarding a lead contamination health hazard at the gun range. <u>Id.</u> at 7. The second event occurred in October 2008, when defendant Hallaq filed a defamation lawsuit in state court against Mr. Gunns. <u>Id.</u> at 11-12. The defamation lawsuit was a direct response to the administrative complaint Mr. Gunns filed against CGR in connection with his termination. <u>Id.</u>

The United States brought the present lawsuit on behalf of Mr. Gunns, seeking injunctive relief and damages for his lost wages. Compl., docket no. 1. After conducting a bench trial, on March 30, 2011, the Court entered judgment in favor of the defendants. Judgment, docket no. 43. Defendants, as the prevailing party in an

---

[1] For the sake of brevity and convenience, the Court incorporates by reference its factual findings from trial. <u>See</u> Findings of Fact & Conclusions of Law ("FF&CL"), docket no. 42.

action brought by the United States,[2] now move for their attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Mot., docket no. 47.

## II. DISCUSSION

### A. Standard for Evaluating EAJA Fee Petitions

In certain circumstances, the EAJA provides for a mandatory award of attorneys' fees to parties who prevail in litigation against the United States.  See Oregon Nat. Res. Council v. Madigan, 980 F.2d 1330, 1331 (9th Cir. 1992) (noting that EAJA fee awards to eligible parties are mandatory).  As the EAJA constitutes a partial waiver of sovereign immunity, it must be strictly construed in favor of the United States.  Ardestani v. I.R.S., 502 U.S. 129, 137 (1991).

Eligibility for a fee award under the EAJA requires: (1) that the claimant be a prevailing party; (2) that the government's position was not "substantially justified;" (3) that no special circumstances make an award unjust; and (4) that any fee application be submitted to the court within thirty days of final judgment.  Comm'r, I.N.S. v. Jean, 496 U.S. 154, 158 (1990); 28 U.S.C. § 2412(d)(1)(A).  In this case, the

---

[2] The EAJA defines a "party" as a corporation or other business organization with a net worth of $7 million or less and 500 or fewer employees, or an individual with a net worth of $2 million or less.  28 U.S.C. § 2412(d)(2)(B).  It is undisputed that the defendants in this action qualify as "parties" for purposes of a fee award under the EAJA.  See Gossing Decl. at ¶¶ 4-6, docket no. 48; Hallaq Decl. at ¶ 3, docket no. 49; Resp. at 2, docket no. 53 (conceding that the government has no evidence to dispute that the defendants satisfy the financial qualifications necessary to meet the definition of a "party" under the EAJA).

only disputed element is whether the United States' position was substantially justified.

The government bears the burden of proving, by a preponderance of the evidence, that its position was substantially justified. Edwards v. McMahon, 834 F.2d 796, 802 (9th Cir. 1987); 28 U.S.C. § 2412(d)(1)(A). "Substantial justification" means that the government's position must have "a reasonable basis both in law and in fact." Bay Area Peace Navy, 914 F.2d at 1230. The government's position need not be justified "to a high degree," but rather, "to a degree that could satisfy a reasonable person." Id. However, substantially justified means more than merely undeserving of sanctions for frivolousness. Mester Mfg. Co. v. I.N.S., 900 F.2d 201, 204 (9th Cir. 1990). The fact that the government does not prevail in the litigation does not raise a presumption that the government's position was not substantially justified. Edwards, 834 F.2d at 802.

  **B.**  **The Government's Position was Substantially Justified**

To establish a prima facie claim for wrongful discharge under OSHA section 11(c), the government bears the burden of proving that (1) the employee engaged in a protected activity; (2) subsequent adverse action by the employer or other person; and (3) a causal connection between the protected activity and the subsequent adverse action. Schweiss v. Chrysler Motors Corp., 987 F.2d 548, 549 (8th Cir. 1993). A complaint is "protected" under section 11(c) if it arises under or is related to a health

ORDER - 4

or safety hazard.  29 C.F.R. § 1977.9.  A complaint made to an employer only arises under section 11(c) if it is made in good faith.  Id. at § 1977.9(c).

At trial, the government argued that the email Mr. Gunns sent to the defendants on August 7, 2008 was a good faith attempt to report a legitimate health and safety hazard.  Consistent with this theory, Mr. Gunns testified that he sent the email solely out of his concern for the health and safety of his employees.  The defendants argued that Mr. Gunns did not send the email out of concern for employee safety, but rather in an effort to deflect responsibility for his failings as a supervisor.  Mr. Gossing and Mr. Hallaq both testified about how Mr. Gunns' poor job performance contributed to the lead contamination problems.  The record also demonstrated that many of the allegations in Mr. Gunns' email were incorrect, or unsupported, suggesting that the email was a bad faith attempt to blackmail the defendants.  The Court evaluated the credibility of the various witnesses and concluded that Mr. Gunns sent the email in a bad faith attempt to save his job and shift responsibility for the lead contamination problems to his employers.  FF&CL at ¶ 7, docket no. 42.

Despite the Court's ruling in favor of the defendants, the government argues that it was substantially justified in litigating this case because the primary disputed issue before the Court was Mr. Gunns' intent, the resolution of which necessarily involves a credibility determination.  The government can meet its burden to show that its litigation position was substantially justified where the testimony of the government's witness, if believed, establishes facts which would support the

ORDER - 5

government's claims.  Mester Mfg. Co., 900 F.2d at 204; see also Beauchamp v. F.A.A., 384 Fed. Appx. 259 (4th Cir. 2010) ("[A]n agency does not necessarily act unreasonably simply by relying on the credibility of a witness whose testimony the fact finder ultimately declines to credit.").  Thus, the government argues, if the Court had credited Mr. Gunns' testimony, the government would have made a prima facie showing on its OSHA section 11(c) whistleblowing claim.[3]

Defendants argue that Mr. Gunns' testimony was so blatantly false, the Court would never have found him credible.  As such, defendants contend that the government's position is not substantially justified because even a cursory investigation into the facts of this case would have revealed that Mr. Gunns' version of events was not credible.  In support of their contention, defendants rely heavily on S.E.C. v. Zahareas, 374 F.3d 624, 628-30 (8th Cir. 2004).  In Zahareas, the Eighth Circuit held that the SEC's position was not substantially justified because the SEC did not sufficiently investigate the claims prior to bringing its action.  Id.  For example, the SEC did not obtain testimony or documents from the defendant prior to filing suit.

---

[3] The Court also concluded, however, that even if Mr. Gunns was engaged in protected activity when he sent the August 7, 2008 email, the defendants had met their burden to show that they would have made the same decision to terminate his employment.  See FF&CL at 15, docket no. 42 (citing 29 C.F.R. § 1977.6 (providing that the government cannot show a violation of section 11(c) if the employer can show that the adverse action would have taken place even if the employee had not engaged in the protected activity)).  The Court's alternative holding does not alter the Court's analysis on the question of substantial justification because it was also based on a credibility determination.  The Court credited Hallaq's and Gossing's testimony about their frustration with Mr. Gunns' poor performance and conduct.  See FF&CL at 3-6, docket no. 42.

Id. The SEC also failed to comply with a number of procedural requirements, such as obtaining approval from senior regulators, and did not discuss the case with related Greek regulatory agencies before initiating the litigation. Id.

In this case, the defendants tacitly acknowledge that the government performed a thorough investigation. For example, the defendants sought costs for time spent during the government's investigation, including interviews with all of the principle witnesses, some of them multiple times. Mot. at 3, docket no. 44. Moreover, unlike in Zahareas, the case went through all of the agency's prerequisite procedural requirements, including multiple levels of review and approval. See Mot. at 8, docket no. 11.

The Court concludes that resolution of the good faith issue involved a credibility determination that could only be assessed at trial. Accordingly, the government's position was substantially justified, for purposes of the EAJA. Mester Mfg. Co., 900 F.2d at 204. The Court also concludes that the defamation lawsuit claim against defendant Hallaq was based on the same witness credibility issues as the claim arising out of Mr. Gunns' email. As such, the government's position on that claim was also substantially justified.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES the defendants' motion for attorneys' fees, docket no. 47.

IT IS SO ORDERED.

DATED this 27th day of May, 2011.

_____
Thomas S. Zilly
United States District Judge

ORDER - 8